## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENISE R. BERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-1052-G** |
| | ) | |
| **USAA CASUALTY INSURANCE** | ) | |
| **COMPANY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court are Plaintiff Denise R. Berry's Motion to Remand (Doc. No. 16) and Defendant USAA Casualty Insurance Company ("CIC") and United Services Automobile Association's ("USAA") Motion to Dismiss (Doc. No. 17).

### BACKGROUND

Plaintiff, an Oklahoma citizen, filed this suit against Defendants in state court on November 16, 2022. *See* Pet. (Doc. No. 1-3) at 1-2. Defendants removed the case to this Court on December 12, 2022, on the basis of diversity jurisdiction, citing CIC's non-Oklahoma citizenship and USAA's allegedly fraudulent joinder. *See* Notice of Removal (Doc. No. 1) ¶¶ (citing 28 U.S.C. §§ 1332, 1441(b), 1446).

Defendant USAA is an unincorporated reciprocal inter-insurance exchange and is a citizen of every state in which it has members, including Oklahoma. *See id.* ¶¶ 5-6; Notice of Removal ¶ 14; *see also Lowe v. United Servs. Auto. Ass'n*, No. CIV-19-384-D, 2019 WL 3245521, at *1 (W.D. Okla. July 19, 2019) ("USAA is an unincorporated association

with members having the same Oklahoma citizenship as Plaintiff.").[1]  Defendant CIC is a

wholly owned subsidiary of USAA and a citizen of Texas for diversity purposes.  *See* Doc.

No. 4, at 1; Notice of Removal ¶ 13.

Plaintiff alleges that her property was covered by an insurance policy issued by both

Defendants.  *See* Pl.'s Pet. ¶¶ 8-13.  After a "storm event" damaged her property on May

8, 2022, Plaintiff made a claim on an insurance policy that she alleges was adjusted, in part,

by USAA.  *See id.* ¶¶ 15-17.  Plaintiff alleges that Defendants "refused to replace Plaintiff's

roof because they elected to designate excessive hail impact granule loss to the shingles as

'cosmetic'" damage instead of functional damage.  *Id.* ¶¶ 30-31.  Plaintiff was eventually

issued payments to cover the damage to her property that she contends are less than what

she is owed under the policy.  *See id.* ¶¶ 18-19.  Specifically, Plaintiff claims that

Defendants' actions constitute breach of contract and breach of the duty of good faith and

fair dealing and seeks compensatory and punitive damages in excess of $75,000.  *See id.*

¶¶ 21-34.

In support of this Court's retention of jurisdiction, Defendants submit a copy of

Plaintiff's policy contract, consisting of declarations pages, endorsements, and the policy

itself.  *See* Defs.' Resp. Ex. 1, Policy Contract (Doc. No. 18-1).  Each declarations page

contains the header "USAA CASUALTY INSURANCE COMPANY."  *Id.* at 4-5.

---

[1] Defendants do not dispute that USAA is a citizen of Oklahoma for diversity purposes.

Under a heading reading "PREFERRED PROTECTION PLAN – HOMEOWNERS

POLICY ** READ YOUR POLICY CAREFULLY **," the policy provides, in relevant

part:

> This contract consists of the Declarations page, the policy, and any applicable
> endorsements. . . . . This cover sheet provides only a brief outline of some of
> the important features of your policy.  This is not the insurance contract and
> only the actual policy provisions will control.

*Id.* at 9.[2]  Immediately below, under the heading "QUICK REFERENCE," is a table of

contents of the policy provisions.  *See id.*  The bottom of the page provides, in relevant

part: "This policy is issued by [CIC]."  *Id.*  On the next page, under a heading titled

"DEFINITIONS," the policy provides, in relevant part: "'We', 'us' and 'our' refer to the

Company providing this insurance."  *Id.* at 10.  The term "Company" is not separately

defined.

In their briefing of the motion to remand, the parties have submitted two versions

of a hail endorsement, both of which are titled "COSMETIC DAMAGE EXCLUSION TO

ROOF COVERINGS CAUSED BY HAIL" and both of which alter the policy by

eliminating coverage for certain hail damage.  *See id.* at 6 (the "CIC-Provided Hail

Endorsement"); Pl.'s Mot. Remand Ex. 2 (Doc. No. 16-2) at 2 (the "Plaintiff-Provided Hail

Endorsement").  The Hail Endorsement provided by Plaintiff bears her signature and states:

> The following exclusion is added to LOSSES WE DO NOT COVER
> UNDER DWELLING PROTECTION, OTHER STRUCTURES
> PROTECTION OR PERSONAL PROPERTY PROTECTION:

---

[2] The declarations pages and endorsements are also incorporated by reference in the policy.
*See* Policy Contract *passim*.

We do not cover cosmetic loss or damage to roof materials caused by the peril of hail.

Cosmetic loss or damage means damage that alters the physical appearance of the roof material, but does not impair its protective function within one year after the end of the policy period in which the hail damage occurred. Protective function is impaired when a distinct opening in the roof material allows the penetration of water.

I do not desire cosmetic damage coverage to my roof covering caused by hail, and hereby waive any right to such coverage. This exclusion shall remain in force as long as the policy remains in force and a credit is received for the installation of impact resistant roof coverings. This endorsement shall also apply to any future policy or any continuation, extension, renewal or replacement of the policy with another policy issued to the named Insured by any USAA Insurance company affiliate, or to any reinstatement of this policy.

Plaintiff-Provided Hail Endorsement at 2. The Hail Endorsement provided by Defendant is an unsigned form that contains identical language. *See* CIC-Provided Hail Endorsement at 6. One apparent difference is that on the Plaintiff-Provided Hail Endorsement, but not the CIC-Provided Hail Endorsement, there is a USAA logo on the top left corner of the page. *Compare* CIC-Provided Hail Endorsement at 6, *with* Plaintiff-Provided Hail Endorsement at 2. For the purpose of evaluating Plaintiff's Motion to Remand, the Court accepts the Hail Endorsement submitted by Plaintiff as the controlling document.[3]

MOTION TO REMAND

---

[3] If it were shown that the CIC-Provided Hail Endorsement is the controlling document, the Court would reach the same result on Plaintiff's Motion to Remand as it does herein. Further, the differences between the two versions of the Hail Endorsement are not material to the Court's analysis of Defendants' Motion to Dismiss.

4

Plaintiff has submitted a Motion to Remand (Doc. No. 16). Defendants USAA and CIC have responded in opposition (Doc. No. 18). Plaintiff has replied in further support of remand (Doc. No. 20).

## I.     Legal Standards

A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Jurisdiction under § 1332(a) requires complete diversity among the parties— i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). The party invoking diversity jurisdiction—here, Defendants—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The doctrine of fraudulent joinder permits a federal court evaluating diversity jurisdiction to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted); *see also Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014). Where, as here, removal is premised on the second basis, the removing party must establish "[t]he non-liability of the defendant[] alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967)).

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted). "In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* Any uncertainty regarding the viability of the claims asserted against

the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988.

## II.   Discussion

In this case, the citizenship of the named parties is undisputed and does not reflect complete diversity.  For purposes of 28 U.S.C. § 1332(a), both Plaintiff and Defendant USAA are citizens of Oklahoma, and Defendant CIC is a citizen of Texas.

Defendants contend that because Plaintiff has no possibility of recovery against Defendant USAA, the citizenship of that nondiverse defendant should be ignored and diversity jurisdiction found to lie in this case.  Plaintiff disputes the existence of federal jurisdiction, arguing that Defendant USAA is not fraudulently joined because Plaintiff has stated viable claims against that defendant and that remand is therefore required.

Plaintiff asserts two claims for relief against Defendants: (1) breach of contract and (2) breach of the duty of good faith and fair dealing (also known as a "bad faith" claim). *See* Pet. ¶¶ 21-33; *see also Tabernacle v. Church Mut. Ins. Co.*, No. CIV-11-515-M, 2012 WL 4128291, at *2 n.3 (W.D. Okla. Sept. 18, 2012).  Additionally, in the Motion to Remand, Plaintiff appears to argue that Defendant USAA may be vicariously liable for Defendant CIC's conduct.  *See* Pl.'s Mot. Remand at 18-20; Pl.'s Reply at 10.  For the reasons set forth below, the Court finds there is no reasonable basis to believe that Plaintiff will succeed on either claim against Defendant USAA.

A. Breach of Contract

To prevail on this claim against Defendant USAA, Plaintiff must prove that Defendant USAA was a party to the Policy Contract. *See Miller v. BCG Healthcare Invs. LLC*, Nos. CIV-12-0681-HE, CIV-12-0719-HE, 2012 WL 12863169, at *1 (W.D. Okla. Sept. 11, 2012) ("Ordinarily, a person or entity not a party to a contract cannot breach that contract." (applying Oklahoma law)); *see also DeSmet v. CSAA Ins. Exch.*, No. 19-CV-0624, 2019 WL 7284769, at *2 (N.D. Okla. Dec. 27, 2019) (holding that an insurance exchange could not be held liable for breach of insurance policy contract to which it was not a party). Upon review of the Policy Contract and the parties' submissions, the Court finds that USAA is not a party to the Policy Contract. The Policy Contract identifies the parties thereto as Plaintiff (the "named insured") and CIC ("the Company providing this insurance"). Policy Contract at 9. Though reference is made to USAA within the Policy Contract and the Hail Endorsement—through the USAA logo, copyright notices, standardized forms, and the like—such watermarks of a corporate umbrella organization standing alone cannot properly support an inference that the organization is itself a party to the contract where the "plain language of the policy" states otherwise. *Bank of Com. v. State Auto. Mut. Ins. Co.*, No. CIV-23-204-D, 2024 WL 1242496, at *2 n.2 (W.D. Okla. Mar. 22, 2024).

Plaintiff argues that the clause stating that the policy is provided by CIC is negated by another provision, on the same page, stating: "This [cover sheet] is not the insurance contract and only the actual policy provisions will control." Policy Contract at 9; *see* Pl.'s Mot. to Remand at 17. The Court concludes that this controlling-terms clause refers to the

8

table of contents under the heading "QUICK REFERENCE" and not the entire page. *See* Policy Contract at 9. Even if otherwise, the heading "USAA CASUALTY INSURANCE COMPANY" on the declarations page, in conjunction with the definition of "we," "us," and "our" in the insurance policy, makes clear that CIC is the insurance provider, not USAA. *See id.* at 4-5, 10.

Because Plaintiff has not plausibly alleged that USAA is a party to the contract, there is no reasonable basis to believe that she will prevail on her claim for breach of contract against USAA.

B. <u>Bad Faith</u>

Generally, under Oklahoma law a plaintiff cannot prevail on a bad-faith claim against a defendant who is not a party to the insurance contract. *See Trinity Baptist Church v. Brotherhood Mut. Ins. Servs., LLC*, 341 P.3d 75, 79 (Okla. 2014) ("[A]s non-insurer defendants were not parties to the agreement for insurance, they could not be subject to an implied duty of good faith and fair dealing."). A plaintiff may still prevail, however, where the nonparty to the insurance contract "act[s] sufficiently like an insurer so that a special relationship can be said to exist between the entity and the insured." *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1101 (Okla. 2005). "[M]erely performing some of the tasks of an insurance company in the claims handling process is not sufficient to subject a third party to the duty of good faith and fair dealing," however. *Trinity Baptist Church*, 341 P.3d at 82. Rather, the facts and circumstances must show that the non-contracting entity was "so entangled with the insured so as to create a special relationship" between that entity and the insured—i.e., that "the line dividing who is a third party and who is the insurer has

9

blurred." *Id.* at 80, 82.  Relevant "specific facts and circumstances" include whether the nonparty to the insurance contract employed the individuals who adjusted the claim, whether the insurer and the nonparty are affiliated, and whether the two "acted as one entity in regard to [the] insured's policy relating to the . . . claim."  *Badillo*, 121 P.3d at 1101. Other relevant factors include whether the non-contracting entity "performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims." *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 563 (Okla. 2004).

Plaintiff alleges that the insurance claim "was adjusted, in part, by employees and/or agents of USAA."  Pet. ¶ 17.  Plaintiff also argues that USAA "acted like her insurer" and "developed a special relationship with her by investigating and adjusting her claim (directly)."  Pl.'s Reply at 10.  The Court concludes that these allegations reflect no more than the mere performance of tasks relating to claims handling, which the Oklahoma Supreme Court has declared insufficient to support a bad-faith claim against a nonparty to an insurance contract.  *See Trinity Baptist Church*, 341 P.3d at 82.  Plaintiff has not alleged specific facts and circumstances suggesting that USAA performs many, as opposed to just some, of CIC's tasks, that USAA had a financial interest in the outcome of Plaintiff's insurance claim, or any other facts establishing that the line between CIC and USAA was blurred.  Accordingly, the Court finds that there is no reasonable basis to believe that Plaintiff will prevail on her bad-faith claim against Defendant USAA.

C.  Vicarious Liability

In the Motion to Remand, Plaintiff also suggests that Defendant USAA may be vicariously liable for Defendant CIC's breach of contract and bad faith.  *See* Pl.'s Mot. to Remand at 18-20; Pl.'s Reply at 10.  In Oklahoma, the law of the state of incorporation of the corporation in question determines whether the corporate veil can be pierced so that the corporate defendant's shareholders may be held liable.  *See Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-303-F, 2021 WL 3115393, at *4-5 (W.D. Okla. July 22, 2021).  And under Texas law, the state of Defendant CIC's incorporation, a plaintiff must show actual fraud to pierce the corporate veil on a contract claim.  *See Sparling v. Doyle*, No. 13-CV-00323, 2014 WL 12489990, at *5 (W.D. Tex. Oct. 23, 2014).  The Court finds that the Petition fails to plead fraud with particularity as required to support such a claim.  *See* Okla. Stat. tit. 12, § 2009; *see also* Fed. R. Civ. P. 9(b); *Estrada v. Kriz*, 345 P.3d 403, 410 (Okla. Civ. App. 2015) ("[T]he particularity requirement does not apply to alter ego and other veil-piercing theories unless fraud (or mistake) is a necessary element.").  Accordingly, the Court finds that there is no reasonable possibility that Plaintiff will prevail on either a breach claim or a bad-faith claim against Defendant USAA on a theory of vicarious liability.

D.  Summary

Absent a reasonable basis to believe that Plaintiff will succeed on either legal claim against nondiverse Defendant USAA, or establish the vicarious liability of Defendant USAA, the doctrine of fraudulent joinder applies, and removal of this matter was proper.  *See Nerad*, 203 F. App'x at 913; *Hernandez*, 73 F. Supp. 3d at 1336.

11

MOTION TO DISMISS

Defendants have submitted a Motion to Dismiss (Doc. No. 17).[4]  Plaintiff has

responded in opposition (Doc. No. 19).  Defendants have replied in further support of their

Motion (Doc. No. 21).

### I.    Legal Standard

In analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s]

as true all well-pleaded factual allegations in the complaint and view[s] them in the light

most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d

1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim on which relief may be

granted when it lacks factual allegations sufficient "to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even

if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and

citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o

withstand a motion to dismiss, a complaint must contain enough allegations of fact to state

a claim to relief that is plausible on its face." (internal quotation marks omitted)).  Bare

legal conclusions in a complaint are not entitled to the assumption of truth; "they must be

supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).

---

[4] Defendants have submitted a one-page Motion to Dismiss (Doc. No. 17) and attached a
separate brief in support of the Motion to Dismiss (Doc. No. 17-1).  For ease of reference,
the Court cites to the brief as the Motion to Dismiss.

*II.    Discussion*

A. <u>Breach of Contract</u>

Defendants assert that Plaintiff fails to sufficiently plead a breach-of-contract claim because she does not allege plausible facts to show "that the Cosmetic Damage Exclusion does not apply to exclude coverage."  Defs.' Mot. to Dismiss at 5.

Under Oklahoma law, which governs this diversity case, to recover on a breach-on-contract theory a plaintiff must show: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach."  *Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).[5]  Because the Policy Contract contains coverage exclusions (as relevant here, the Hail Endorsement referred to as the "Cosmetic Damage Exclusion"), Plaintiff must plead facts showing that the Hail Endorsement did not apply to preclude coverage for the loss that was the subject of Plaintiff's insurance claim.  *See Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782, 784 (10th Cir. 2018); *see also MJH Props., LLC v. Westchester Surplus Lines Ins. Co.*, No. CIV-19-577-HE, 2019 WL 13274425, at *2 (W.D. Okla. Dec. 12, 2019).

The Hail Endorsement excludes from coverage "cosmetic loss or damage to roof materials caused by the peril of hail" and defines cosmetic loss or damage as "damage that alters the physical appearance of the roof material, but does not impair its protective

---

[5] Though courts generally consider only the contents of the operative pleading on a Rule 12(b)(6) motion, exceptions to this general rule include documents "incorporated by reference in the complaint" or "referred to in and central to the complaint, when no party disputes [their] authenticity."  *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).  Because the Policy Contract is central to this lawsuit and its authenticity is not materially disputed by either party, the Court considers it in addition to the Petition.

function within one year after the end of the policy period in which the hail damage occurred."   Plaintiff-Provided Hail Endorsement at 2.   "Protective function is impaired when a distinct opening in the roof material allows the penetration of water."   *Id.*[6] Therefore, in order to plausibly allege breach of contract, Plaintiff must allege facts supporting an inference that: (1) the damage to Plaintiff's roof was not caused by hail; or (2)) if the damage was caused by hail, it resulted within the relevant time period in a distinct opening in the roof material that allowed the penetration of water.

Plaintiff pleads that hail damage resulted in granule loss on her shingles and that "granules on a shingle fulfill a functional purpose and loss of too many granules can diminish the life of the shingles, which results in functional damage."   Pet. ¶¶ 30-31.[7] Plaintiff does not, however, allege that the granule loss did result in functional damage, which is defined in the Hail Endorsement as damage resulting (within a prescribed time period) in a distinct opening in the roof material that allows the penetration of water.   *See* Plaintiff-Provided Hail Endorsement at 2.   Accordingly, the Court finds that Plaintiff has failed to plead sufficient facts to support her breach-of-contract claim.

---

[6] Plaintiff argues that these definitions should be disregarded because the phrases "cosmetic loss or damage," "protective function," or "when protective function is impaired" are not printed in boldface type.   *See* Pl.'s Resp. at 20-21.   The Court disagrees.   The Policy Contract states that "[c]ertain words and phrases are defined and *are* printed in boldface . . . when used"—it does not provide that defined terms *must* be in boldface for the definitions ascribed to them to control.   Policy Contract at 10 (emphasis added).

[7] In her Response, Plaintiff suggests that the damage was caused by wind, not hail.   *See* Resp. at 18-19.   Because this factual allegation was not pleaded, the Court will not consider it for purposes of Rule 12(b)(6).

B. <u>Bad Faith</u>

Oklahoma law provides that an insurer has an implied duty of good faith and fair

dealing toward its insureds, and the violation of that duty gives rise to an action in tort.

*Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018).  Liability

for breach of the implied covenant of good faith and fair dealing requires "'a clear showing

that the insurer unreasonably, and in bad faith, withholds payment of the claim of its

insured.'"  *Id.* (quoting *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla.

1977)).  To establish a cause of action against an insurance company for bad faith under

Oklahoma law, the plaintiff must show:

> 1) coverage under the insurance policy and that the insurer was required to
> take reasonable actions; 2) the actions of the insurer were unreasonable under
> the circumstances; 3) the insurer failed to deal fairly and act in good faith
> toward the insured in its handling of the claim; and 4) breach or violation of
> the duty of good faith and fair dealing was the direct cause of any damages
> that the insured sustained.

*Id.* (citing *Badillo*, 121 P.3d at 1093).

Because the Court has found that Plaintiff has not pleaded facts sufficient to

establish that Defendants breached the Policy Contract by denying additional payment on

the insurance claim, it follows that she has not pleaded a basis to support an inference that

the denial was unreasonable.  *See Coonce*, 748 F. App'x at 785.  Nor has Plaintiff set forth

sufficient nonconclusory allegations to show that Defendants otherwise acted in bad faith

in connection with Plaintiff's insurance claim.  *See Brown v. Patel*, 157 P.3d 117, 122-23

(Okla. 2007).  Accordingly, the Court finds that Plaintiff has failed to plead sufficient facts

to state a bad-faith claim upon which relief can be granted.

CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Remand (Doc. No. 16) is DENIED. Plaintiff's request for fees and costs is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. No. 17) is GRANTED. Plaintiff's claims against Defendant USAA Casualty Insurance Company and United Services Automobile Association are DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

IT IS SO ORDERED this 20th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge